812 July 17, 2024 No. 499

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Jamie GENTRY,
*Petitioner-Respondent,*
*and*

STATE OF OREGON,
*Initiating Party-Respondent,*
*and*

Joseph BONOMO,
*Respondent-Appellant.*

Jackson County Circuit Court
112560D2; A178637

Timothy C. Gerking, Judge.

Submitted June 14, 2024.

Frank E. Laboy Blanc filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent State of Oregon.

No appearance for respondent Jamie Gentry.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this procedural quagmire, father appeals from a judgment of the circuit court denying his motion under ORCP 71 B(1)(a) to set aside a judgment of child support arrears. The court denied father's motion after determining that it was barred by claim preclusion, based on the court's previous rejection of an earlier a motion by the Division of Child Support of the Department of Justice (DCS) under ORCP 71, directed at the same judgment.[1] We conclude that the trial court did not err in denying father's motion and therefore affirm.

Some seven years after father's child support obligation had been finally determined by judgment, father moved to set aside the judgment under ORCP 71 B(1)(a), based on "mistake, inadvertence, surprise or excusable neglect." Mother objected to father's motion, arguing that it was barred by claim preclusion, based on a prior judgment that had rejected a previous motion under ORCP 71 B. Father responded that mother's objection was untimely. After a hearing, the court rejected father's motion to set aside the 2014 judgment, based on claim preclusion.

On appeal, in five assignments of error, father asks that we reverse the court's ruling rejecting his motion to set aside the 2014 judgment and order the trial court to hold a hearing on the amount of arrearages. DCS concedes in response that the trial court erred in rejecting father's motion for relief under ORCP 71 B(1) on claim preclusion grounds; but DCS asserts that the trial court's ruling should nonetheless be affirmed, because father's motion was untimely, it having been brought almost seven years after the entry of the 2014 judgment it seeks to set aside, well outside the one-year period allowed by ORCP 71 B(1) ("The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) not more than one year after receipt of notice by the moving party of the judgment."). DCS further contends that an affirmance on that ground disposes of father's remaining assignments of error, which all relate to

---

[1] The previous motion to set aside DCS's order of arrears had been filed by DCS on father's behest, based on a potential lack of clarity in the order.

asserted procedural deficiencies in the trial court's ruling dismissing father's motion.

We agree with DCS's concession that the trial court erred in rejected father's motion based on claim preclusion. And we further agree with DCS that there was no error by the trial court in rejecting father's motion based on untimeliness. As DCS contends, father brought his motion well outside the one-year time frame allowed by ORCP 71 B. It is true that the timeliness issue was not raised below. Although we do not generally invoke "right for the wrong reason" as a basis for affirmance when the alternative issue was not raised below, here we conclude that it is appropriate. There are no disputed facts and there is little possibility that, if the issue had been raised by DCS, parties' arguments could have altered the outcome or the determination that father's motion was untimely. We conclude for those reasons that the trial court correctly rejected father's motion. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (setting forth criteria for affirming trial court on alternative grounds). We agree with DCS that our determination is dispositive of father's remaining assignments.

Affirmed.